## *Ex parte* H. H. SHERRILL.

No. A-2006. Opinion Filed June 7, 1913.

(132 Pac. 508.)

**BAIL—Admission to Bail.** When a defendant is charged with murder, and the facts and circumstances of the entire case reasonably present the issue that the defendant acted in good faith in taking the life of the deceased, and the issue of self-defense is raised by the testimony, bail should be granted pending the final trial.

(Syllabus by the Court.)

The petitioner, H. H. Sherrill, being confined in the county jail of Pittsburg county, charged with the murder of Dan Beats, alleged to have been committed in the town of Kiowa on the 29th day of April, 1913, has applied for a writ of *habeas corpus* in order that he might be allowed bail pending his final trial. Writ granted, and bail placed at $10,000.

*Hill & Hill* and *Carl Monk,* for petitioner.

*Smith C. Matson,* Asst. Atty. Gen., and *Wallace Wilkinson,* for the State.

FURMAN, J. There is an irreconcilable conflict between the evidence for the state and the evidence for petitioner as to the immediate facts of the killing. If this were all of the evidence in the record, we would not be willing to allow bail in this cause. But these facts should be considered in the light of all of the antecedent circumstances leading up to the fatal difficulty.

It was proven by a number of affidavits that the deceased entertained feelings of bitter hatred toward petitioner and had threatened to take the life of petitioner, and that petitioner had frequently requested his friends to talk to deceased and, if possible, effect a peaceable settlement of the trouble existing between deceased and petitioner, and that in reply to those overtures deceased would continue to threaten the life of petitioner.

The pivotal question in this case is as to the intention of petitioner as to whether or not he was acting in good faith and was seeking to effect a reconciliation with deceased of their trouble. This question must be ultimately determined by a jury. For the purpose of determining as to whether or not appellant is entitled to bail we must consider all of the evidence in the case, not only as to the immediate facts of the killing, but all that preceded and led up to and throws light upon the killing. The previous threats of the deceased and all that happened between deceased and petitioner, therefore, become important.

This court has repeatedly held that it would not reverse a conviction where a defendant was clearly proven to be guilty, upon any purely technical objection. We think this rule should be enforced in favor of as well as against a defendant, and that no man should be denied bail upon a purely technical case of murder, when there is a serious question as to the good faith of the defendant and of his right of self-defense. We are not attempting to pass upon the question of justification. That is a question which a jury must settle. We

think upon the entire record that petitioner is entitled to bail pending his final trial, when the good faith of his de- fense will be passed upon by a jury with the witnesses before them.

It is therefore ordered that the writ of *habeas corpus* prayed for be granted, and that petitioner be allowed bail in the sum of $10,000 pending his final trial, to be approved by the clerk of the superior court of Pittsburg county.

ARMSTRONG, P. J., concurs. DOYLE, J., not partici- pating.